UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| JOHNNY SLONE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 20-049-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Plaintiff Johnny Slone, Jr.'s motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] [Record No. 27]  The motion will be granted because Slone is the prevailing party in this action and has satisfied all requirements for obtaining payment of fees and expenses under the EAJA.

Slone filed the Complaint in this matter on June 22, 2020, alleging that the ALJ's decision was not supported by substantial evidence and was contrary to applicable law.  On December 7, 2020, the Commissioner filed a motion to remand the case pursuant to sentence four of 42 U.S.C. § 405(g).  The Court granted the Commissioner's motion and entered Judgment the same date, reversing the Commissioner's administrative decision and remanding this action for further consideration.

---

[1]     The plaintiff's filing is styled as a "Notice" that the plaintiff "will make a motion before the Court upon a date to be set by the court . . . ."  [Record No.  27]  However, the filing is docketed as a motion and the plaintiff has satisfied all requirements for a motion for attorneys' fees under the EAJA.  Accordingly, the Court construes the filing as a motion.

Slone filed the motion for attorneys' fees under the EAJA on February 22, 2021.  His attorney of record, Melissa Palmer, seeks fees in the amount of $3,277.50.  This request is based on 21.5 hours of attorney work at a rate of $125.00 per hour and 5.9 hours of paralegal work at a rate of $100.00 per hour.  The Commissioner has tendered a response, indicating that he does not object to Slone's motion for fees or the amount requested.

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A).  A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)).  The party also must allege that the United States' position was not substantially justified.  *Id.*

Slone's application satisfies these requirements.  [Record No. 28]  First, Slone is a prevailing party based on this Court's remand under sentence four of 42 U.S.C. § 405(g).  *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA").  Further, Slone is eligible to receive an award under the EAJA because his "net worth did not exceed $2,000,000 at the time the civil action was filed." *See* § 2412(d)(2)(B).  [Record No. 28-5.]  Palmer has provided an

- 2 -

itemized account of the time she and attorney Susan Allen expended on this case and seeks payment at a rate of $125.00 per hour for those 21.5 hours.  [Record No. 28-2]  Additionally, Palmer has submitted an itemized account showing the time expended by four paralegals who worked on the case and seeks $100.00 per hour for the total of 5.9 hours they worked.  [Record No. 28-3]  Finally, the application alleges that the position of the United States was not substantially justified.

The claimed number of hours is consistent with what would be expected in this case and the Court finds that they are reasonable and compensable under the EAJA.  Additionally, the requested rate of payment is consistent with the prevailing market rates in the Eastern District of Kentucky.  Accordingly, the plaintiff will be awarded attorney's fees in the amount of $3,277.50, based on 21.5 hours of attorney work at a rate of $125.00 per hour and 5.9 hours of paralegal work at a rate of $100.00 per hour.

The plaintiff has included an Affirmation and Waiver of Direct Payment of EAJA agreeing that any attorney fees be awarded directly to his counsel.  [Record No. 28-4]  However, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes to the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  The Court is without information to determine whether Slone owes any debt that is subject to a government offset and the United States has not waived the requirements of the Anti-Assignment Act.  Accordingly, the award shall be payable to the plaintiff.  *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017).

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion for attorney's fees [Record No. 27] is **GRANTED**.  Plaintiff Johnny Slone, Jr., is awarded fees in the amount of $3,277.50, in accordance with the Equal Access to Justice Act.

Dated: February 26, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky